IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

    Plaintiff,

vs.                                    Case No. CV-09-00354 JP/LFG

LOS ALAMOS NATIONAL BANK,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 11, 2010, Defendant Los Alamos National Bank ("LANB") filed Los Alamos National Bank's Opposed Motion to Compel Compliance with Order and for Sanctions ("Motion")(Doc. No. 84). Then, on May 25, 2010, Plaintiff Abbasid, Inc. ("Abbasid") filed Plaintiff Abbasid, Inc. d/b/a Azhar's Oriental Rug's [sic] Response to Los Alamos National Bank's Motion to Compel Compliance with Order and for Sanctions ("Response")(Doc. No. 85). Finally, on June 2, 2010, LANB filed Los Alamos National Bank's Reply to Plaintiff's Response to Opposed Motion to Compel Compliance with Order and for Sanctions ("Reply")(Doc. No. 86). Having reviewed the briefs and the applicable law, the Court finds that LANB's Motion should be granted.

**BACKGROUND**

After a jury trial held on February 22 to February 25, 2010, the jury returned a verdict in favor of LANB, (Verdict, Doc. No. 67), and the Court subsequently entered a Judgment on the jury's verdict (Judgment, Doc. No. 68). On March 4, 2010, LANB filed Los Alamos National Bank's Opposed Motion to Tax Costs (Doc. No. 69), which

included an itemized cost bill as required by D.N.M.LR-Civ. 54.1 (*id.*, Exs. 1-2). Then, on April 19, 2010, following the completion of briefing on LANB's Motion to Tax Costs, the Clerk of the Court entered the Clerk's Order Settling Costs (Doc. No. 80), which taxed costs against Abbasid in the amount of $5,582.85 and provided that any motion for review by the Court must be filed within seven days of the entry of that Order (*id.* at 3). Abbasid did not file any motions with that time period. Nevertheless, as of the date of this Memorandum Opinion and Order, Abbasid has failed to pay to LANB the $5,582.85 in costs to which the Clerk of the Court found LANB was entitled.

## DISCUSSION

LANB moves the Court to order Abbasid to pay the $5,582.85 in costs taxed against Abbasid by the Clerk of the Court. In response, Abbasid maintains that the Clerk's Order Settling Costs is not an order to pay the amount of the taxed costs and contends that LANB has not offered any authority supporting its requested relief. In fact, Abbasid argues, the proper avenue for LANB to take to obtain payment of the taxed costs is through a writ of execution. Additionally, Abbasid asserts that it has not refused to pay but instead has been in a "difficult financial position," and presumably has been unable to pay. (Resp. at 2.)

Fed. R. Civ. P. 54 (d)(1) provides that "costs . . . should be allowed to the prevailing party." The express language of both Rule 54 (d)(1) and 28 U.S.C. § 1920 vest the clerk of the court with the power to tax costs, subject of course to review by the district court if the party against whom costs are taxed seeks such review. Implicit in the procedure set forth for challenging the clerk of the court's determination of taxable costs is the idea that a party who does not seek review of that determination either agrees to

2

its reasonableness or waives any objection to the determination by the party's failure to act. *Cf.* Fed. R. Civ. P. 54 (d)(1). In either case, however, once the order taxing costs becomes final, it is axiomatic that the order creates an obligation to pay the taxable amount.

While Abbasid maintains that the Clerk's Order Settling Costs did not specifically direct payment of the taxable costs by a date certain and thus did not create an obligation to pay those costs, this argument is entirely without merit. Nothing in the language conferring the power to tax costs in rule Rule 54 (d)(1) and 28 U.S.C. § 1920 suggests that orders taxing costs are advisory or that such orders vest the party against whom costs are taxed with discretion to determine when to pay those costs. Indeed, any interpretation to the contrary would render meaningless the power to tax costs and convert the review and award of costs into a mere recreational exercise. The Court notes its strong displeasure at Abbasid's election to resort to semantical gimmicks to defer paying LANB the costs to which it is entitled. Furthermore, the Court finds that Abbasid's unsupported claim of being in a "difficult financial situation" is equally unavailing. Abbasid has not provided any documentation or other evidence to support its claim in that regard, and the Court thus declines to allow Abbasid to avoid paying the taxable costs on that basis.

**IT IS THEREFORE ORDERED THAT:**

1) Los Alamos National Bank's Opposed Motion to Compel Compliance with Order and for Sanctions (Doc. No. 84) is GRANTED; and,

2) Abbasid must pay to LANB the amount of $5,582.85 in taxed costs by 5:00 p.m. on Tuesday, June 15, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE