**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

     Plaintiff,

vs.                              Case No. CV-09-00354 JP/LFG

LOS ALAMOS NATIONAL BANK,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

On July 30, 2010, Plaintiff Abbasid, Inc. ("Abbasid") filed Plaintiff Abbasid Inc. d/b/a Azhar's Oriental Rugs's Rule 60 (b) Motion to Vacate Order Denying Abbasid Inc. d/b/a Azhar's Oriental Rugs's Motion for New Trial and Motion to Compel Parties' Attorneys to Return Original Trial Exhibits ("Motion")(Doc. No. 100).[1] Then, on August 13, 2010, Defendant Los Alamos National Bank ("LANB") filed Los Alamos National Bank's Response in Opposition to Plaintiff's Motion to Vacate Order Denying Motion for New Trial and Motion to Compel Parties' [sic] to Return Original Trial Exhibits ("Response")(Doc. No. 102).  On August 16, 2010, the Court held a hearing to address, *inter alia*, Abbasid's Motion.  Having considered the parties' briefs, the arguments of counsel at the hearing, and the applicable law, the Court finds that Abbasid's Motion should be denied.

---

[1] Contrary to D.N.M.LR-Civ. 7.1 (a), Abbasid filed its Motion before determining whether LANB opposed the Motion.  While the Court could deny Abbasid's Motion on that basis alone, it will not do so in this instance.  However, Abbasid's counsel is admonished that compliance with the Local Rules of Civil Procedure is mandatory and any future failure to comply with those rules may result in summary denial of future motions.

## BACKGROUND

The complete factual background of this case is set forth fully in the Court's Memorandum Opinion and Order (Doc. No. 188) filed in the companion case *Abbasid, Inc. d/b/a Azhar's Oriental Rugs v. First National Bank of Santa Fe*, Civ. No. 09-347 JP/LFG, and therefore only the facts relevant to the resolution of Abbasid's current Motion will be discussed here.

On March 26, 2010, Abbasid filed Plaintiff Abbasid, Inc. d/b/a Azhar's Oriental Rug's [sic] Motion for New Trial (Doc. No. 75).  On May 13, 2010, after reviewing the parties' briefing, the Court prepared a letter to counsel, which stated in pertinent part that:

> Although Plaintiff has clearly stated the bases for its Motion, Plaintiff has not provided any citations to the record to facilitate the Court's analysis of Plaintiff's Motion.  Therefore, the parties should file supplemental briefing on Plaintiff's Motion for New Trial that contains specific citations to the trial transcript or trial exhibits. . . . [T]o avoid unnecessary delay in the resolution of Plaintiff's Motion, Plaintiff should submit its supplemental brief no later than two weeks, or fourteen calendar days, following receipt of the trial transcript.  The subsequent briefing schedule should then follow the deadlines prescribed by the Local Rules of Civil Procedure.

Abbasid's counsel, Dale & Klein, LLP, received the Court's letter on May 18, 2010.  (*See* Mot., Ex. 1.)  According to the docket available on CM/ECF, the complete trial transcript was filed on June 16, 2010, meaning that Abbasid's supplemental brief was due on or before June 30, 2010.  Abbasid did not file a supplemental brief by that date, and consequently, on July 23, 2010, the Court entered an Order (Doc. No. 98) denying Abbasid's Motion for New Trial.  Abbasid now moves the Court to vacate that Order.

## DISCUSSION[2]

In its Motion, Abbasid requests that the Court vacate its Order denying Abbasid's

Motion for New Trial because it contends that the Court's Order was based on a mistake

of fact, namely that Abbasid's counsel received the trial transcript on June 16, 2010.

According to Abbasid's counsel, Mr. Mount, his office did not receive the complete trial

transcript until July 6, 2010 (Mount Aff. ¶ 3, attached to Mot. as Ex. 2) because an

outstanding balance, owed to the court reporter, remained on the final volume of the

trial transcript when the court reporter mailed the other volumes on June 16, 2010 (*see*

E-mail from John De La Rosa to William Mount, attached to Mot. as Ex. 3.)

Furthermore, Mr. Mount maintains that he interpreted the Court's instruction for

Abbasid to file its supplemental brief within fourteen days of receiving the trial

transcript as meaning that "briefing would begin when [his firm] had received both the

trial transcript and trial exhibits." (Mot. at 2.)  Mr. Mount then contends that he does

---

[2] Before reaching the merits of Abbasid's Motion, the Court pauses to note that Abbasid's reliance on Fed. R. Civ. P. 60 (b) in brining its Motion is misplaced.  Initially, the Court points out that nothing in the language of Rule 60 (b) addresses the type of motion Abbasid has presented here.  The Tenth Circuit has made clear that "Rule 60 (b) . . . applies only to *final* orders and judgments," which adjudicate all the rights and liabilities of all the parties.  *Raytheon Constructors, Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003)(emphasis added).  Neither the language of Rule 60 (b) nor the relevant case law in the Tenth Circuit evince any contemplation of using that rule to challenge a district court's denial of a motion for new trial.  Indeed, an order denying a motion for new trial does not adjudicate all rights and liabilities, but instead merely determines whether certain legal errors so permeated the trial and prejudiced the moving party as to warrant a re-trial of the case.  Hence, an order denying a new trial is not a final order for which Rule 60 (b) may be invoked to provide relief.  *But see Turner v. Evers*, 726 F.2d 112, 113 n.2 (3d Cir. 1984)(suggesting that motions to reconsider the denial of a motion for new trial should be considered under Rule 60 (b)).  Nevertheless, regardless of whether Abbasid's Motion is considered under Rule 60 (b) or is reviewed as a motion to reconsider, which the Federal Rules of Civil Procedure do not formally recognize, that Motion is without merit as discussed *infra*.

not have a complete copy of the trial exhibits and asserts that he "has not received any cooperation from the attorneys who tried the case" in helping him to obtain the trial exhibits.  (*Id.* at 3.)  According to Mr. Mount, he contacted Mr. Cadigan, Abbasid's trial counsel, who stated that the trial exhibits were now in the possession of another of Abbasid's attorneys, Don Kochersberger, who is not counsel of record in this case.[3]  Mr. Mount acknowledges that he received Abbasid's trial exhibits once he contacted Mr. Kochersberger, albeit not until July 21, 2010.  However, Mr. Mount claims that he still does not have a copy of LANB's trial exhibits and requests that LANB be compelled to produce those exhibits.

LANB responds by arguing that any delay in Abbasid receiving all volumes of the trial transcript is "due to Abbasid[] waiting 5 weeks (from May 18 to June 29) to pay for the transcripts."  (Resp. at 2.)  Additionally, LANB notes that Mr. Mount waited thirteen days after receiving the final volume of the trial transcript to request the trial exhibits from co-counsel and asserts that Mr. Mount's claim that he does not have a complete copy of the trial exhibits is "misleading" given that co-counsel has had a complete set of those exhibits since the trial.  (*Id.* at 2-3.)  LANB argues that Abbasid's "motion to compel counsel for LANB to turnover [sic] trial exhibits which plaintiff and his [sic] attorney's [sic] hold is an attempt to shift the blame for its dilatoriness to LANB, and is frivolous."  (*Id.* at 4.) Furthermore, LANB observes that even if Mr. Mount did not receive the final volume of the trial transcript until July 6, 2010, Abbasid still did not file a supplemental brief within fourteen days of that date.  Moreover, LANB maintains that

---

[3] Mr. Cadigan informed the Court at the hearing that Mr. Kochersberger does not appear as counsel of record in this case due to a failure to file a document substituting Mr. Kochersberger for Mr. Cadigan after the trial in this case.

Mr. Mount's and Abbasid's "failure to have New Mexico counsel deliver the trial exhibits to Texas counsel, and Texas counsel's failure to timely file the supplement [sic] brief by July 20, are not a 'mistake by this Court.'  It is a mistake or negligence by [Abbasid] and Texas counsel."  (*Id.* at 3.)   With this latter point, the Court agrees.

Initially, the Court observes that Abbasid's claim that it did not have the complete trial transcript until July 6, 2010 is questionable at best given that the complete transcript was available on CM/ECF on June 16, 2010.  However, even accepting July 6, 2010 as the date Abbasid received the complete transcript, Abbasid still did not timely file a supplemental brief within fourteen days of that date as the Court instructed. Additionally, Mr. Mount's assertion that he understood the Court's letter to mean that briefing would commence only after Mr. Mount received a complete set of the trial exhibits simply strains credulity and does not provide an adequate basis for extending the briefing deadline further.  The plain language of the Court's letter clearly states that the fourteen day time period for submitting supplemental briefing would begin to run upon receipt of the trial transcript only and makes no reference to receipt of the trial exhibits.  That the Court's letter did not reference receipt of the trial exhibits should come as no surprise to counsel given that D.N.M.LR-Civ. 79.2 charges counsel with maintaining the trial exhibits after trial.[4]  Moreover, common sense dictates that Mr.

---

[4] At the hearing on Abbasid's Motion, Mr. Mount repeatedly asserted that he did not have the original trial exhibits, which he ostensibly claims were necessary to the preparation of Abbasid's supplemental brief.  As the Court advised Mr. Mount though, the so-called original exhibits in this case were nothing more than photocopies of other documents that the parties acknowledged were authentic and fairly and accurately represented the actual original documents.  Also, to the extent Mr. Mount suggests that Rule 79.2 requires an opposing party to provide its original exhibits to opposing counsel for purposes of appeal or a motion for new trial, his suggestion is plainly erroneous and does not find support in the language of that rule.  The purpose of Rule 79.2 is to extricate the Court from serving as the custodian of trial exhibits and to make clear the parties' responsibility in that regard.  Nowhere does Rule 79.2 even suggest that parties are entitled to their opposing party's original exhibits in preparing post-trial documents, and any assertion to the contrary is without merit.

Mount, as co-counsel of record with Mr. Cadigan, would have had access to the trial exhibits or would at least be presumed to have had access to them. Even without such a presumption though, the correspondence Mr. Mount provided in support of Abbasid's Motion clearly shows that his first documented attempt to obtain the trial exhibits was on July 19, *i.e.* one day before Abbasid's supplemental brief would have been due under Mr. Mount's suggested timeline. (*See* Mot. at Exs. 6-11.) Mr. Mount acknowledges having received the Court's letter to counsel on May 18, 2010 and thus would have been aware of the need for the trial exhibits for more than two months before he made even an initial attempt to obtain them. Furthermore, Mr. Mount offers no explanation for the delay in seeking the exhibits, but rather attempts to place the entirety of the blame for his failure to obtain them on his co-counsel and counsel for LANB — an attempt that is entirely unavailing. Thus, Abbasid and its counsel have wholly failed to provide any legitimate reason for Abbasid's failure to submit a supplemental brief in accordance with the Court's instructions.

Finally, with respect to Abbasid's request that the Court compel the parties to produce all of the trial exhibits to Mr. Mount, the Court finds that Abbasid's request in that regard has been rendered moot by Abbasid's receipt of its trial exhibits from Mr. Kochersberger and LANB's agreement to send another copy of its trial exhibits to Mr. Mount.

**IT IS THEREFORE ORDERED THAT** Abbasid Inc. d/b/a Azhar's Oriental Rugs's Rule 60 (b) Motion to Vacate Order Denying Abbasid Inc. d/b/a Azhar's Oriental Rugs's Motion for New Trial and Motion to Compel Parties' Attorneys to Return Original Trial Exhibits (Doc. No. 100) is DENIED.

_____

SENIOR UNITED STATES DISTRICT JUDGE