IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

    Plaintiff,

vs.                                                                           Case No. CV-09-00354 JP/LFG

FIRST NATIONAL BANK OF SANTA FE and
LOS ALAMOS NATIONAL BANK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 19, 2009, following a jury trial that resulted in a judgment in favor of Defendant Los Alamos National Bank (LANB), the Clerk of the Court entered the Clerk's Order Settling Costs (Doc. No. 80), taxing costs against Plaintiff Abbasid, Inc. d/b/a Azhar's Oriental Rugs (Abbasid) and in favor of LANB in the amount of $5,582.85. Abbasid did not pay the costs and, on May 11, 2010, LANB Filed LANB's Opposed Motion To Compel Compliance With Order And For Sanctions (Doc. No. 84) requesting that the Court compel Plaintiff to comply with the Clerk's Order Settling Costs and that the Court award LANB sanctions for Abbasid's failure to pay costs. On June 3, 2010, the Court entered a Memorandum Opinion And Order (Doc. No. 88) that granted LANB's Opposed Motion to Compel Compliance With Order And For Sanctions and ordered Abbasid to pay LANB $5,582.85 in taxed costs by June 15, 2010.

Abbasid did not pay the costs as required by the June 3, 2010 Memorandum Opinion and Order (Doc. No. 88) and, on June 18, 2010, LANB filed LANB's Opposed Motion To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Doc. No. 93). On

1

July 2, 2010, Abbasid filed Plaintiff Abbasid, Inc. D/B/A Azhar's Oriental Rugs's Amended Response to Defendant Los Alamos National Bank's Opposed Motion To Show Cause Why Azhar Said Shall Not Be Held In Contempt And For Sanctions (Doc. No. 95) ("Amended Response").  In its Amended Response, Abbasid contended that entry of a contempt order is not a proper remedy to collect a money judgment and that under Rule 69(a) of the Federal Rules of Civil Procedure, which provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise," the only way to enforce a money judgment is through a writ of execution.

On July 9, 2010, LANB filed LANB's Reply To Planitiff's [sic] Response To Opposed Motion To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Doc. No. 96).  In its reply, LANB did not directly address Abbasid's argument that the Court's order to pay costs was a money judgment subject to Rule 69(a) that can only be enforced by a writ of execution.  Instead, LANB argued generally that the Court possesses the power to hold a party in contempt for violation of a court order.

On July 23, 2010, the Court entered an Order to Show Cause (Doc. No. 99) that ordered Azhar Said, the President and sole shareholder of Abbasid, Inc., to appear on August 16, 2010 to show cause why he should not be held in contempt and compelled to pay LANB the $5,582.85 in taxed costs that Abbasid had previously been ordered to pay.

Following the hearing to show cause, LANB's counsel filed an affidavit (Doc. No. 104) in support of LANB's request for sanctions indicating that LANB had expended $5,519.29 in attorney's fees and costs to compel Abbasid to pay the $5,582.85 taxed in costs.  On September 1, 2010, Abbasid's counsel filed an affidavit (Doc. No. 106) contesting the reasonableness of the costs LANB had incurred while attempting to compel Abbasid to pay the taxed costs.  Abbasid's

counsel argued that it was unreasonable to incur costs to enforce a money judgment by civil contempt because the law does not recognize contempt as a method to collect a money judgment.

## DISCUSSION

Abbasid argues that the Court's June 3, 2010 order to pay costs is a money judgment subject to Rule 69(a). LANB did not respond directly to this argument, and does not contend that the Court's order to pay costs is not a money judgment. The Court will therefore treat the order as a money judgment for purposes of determining whether Abbasid can be compelled to pay under the Court's contempt power. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) (noting that the 'substance' of a money judgment is a compelled transfer of money); *Wheeler v. John Deere Co.*, 986 F.2d 413, 414 (10th Cir. 1993) (noting that "[a]n award of costs, which partially reimburses the prevailing party for the out-of-pocket expenses of litigation, is obviously 'any money judgment'" such that post-judgment interest applies to costs); and 28 U.S.C. § 1920 (providing that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree"). Notably, LANB also did not respond to any of Abbasid's arguments regarding the propriety of enforcing a money judgment through the Court's contempt power and argued only generally that the court has the power to hold a party in contempt for violation of an order.

Rule 69(a) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise" and that "the procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). While the "unless the court directs otherwise" language of the rule appears to permit proceedings other than a writ of execution to

3

collect a money judgment, this language has been read narrowly to apply only in "cases where established principles so warrant." *Shuffler v. Heritage Bank*, 720 F.2d 1141 (9th Cir. 1983) (citing 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 69.03[2] (2d ed. 1982)).  Thus, as general rule "when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Combs v. Ryan's Coal Co.*, 785 F.2d 970 (11th Cir. 1986).

   Despite the general consensus that Rule 69(a) prohibits the use of a court's contempt power to enforce a money judgment, the Tenth Circuit Court of Appeals has not directly addressed the question and has, in fact, created some doubt regarding whether its interpretation of Rule 69(a) would conform with the rulings by other circuit courts.  *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1209 (10th Cir. 1992) (noting that "[a]rguably there may be support for such an exercise of contempt power for the enforcement of a money judgment" but declining to address the issue because the contempt order at issue was for failing to fully account for property that might have been used to satisfy a judgment).  In support of its assertion that there may arguably be support for the use of the contempt power to enforce a money judgment, the Tenth Circuit cited two of its own opinions, *Atlas Corp. v. Devilliers*, 447 F.2d 799, 803 (10th Cir. 1971) and *Freeman v. Heiman*, 426 F.2d 1050, 1052 (10th Cir. 1970) as well as one opinion from the Seventh Circuit, *Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 494 (7th Cir. 1990).  *See id.*  Despite the Tenth Circuit's indication that these cases might support the exercise of contempt power to enforce a money judgment, none of the cases departed from the general rule that contempt is not an appropriate means of enforcing a money judgment.  Rather, all three cases cited in *O'Connor* relate to the propriety of using contempt to sanction a party's refusal to comply with lawful procedures to collect a money judgment, not a refusal to pay a money judgment.

In *Atlas Corp.,* the Tenth Circuit upheld the exercise of a district court's contempt power where the district court had held a judgment debtor in contempt for hiding assets and misleading a United States Marshal who attempted to collect a money judgment pursuant to a writ of execution. 447 F.2d at 803. While the fine assessed against the judgment debtor was ultimately paid to the judgment creditor in reduction of its judgment, the contempt citation was not issued for a failure to pay the judgment, but instead was issued for the debtor's actions in attempting to avoid the Marshal's attempt to collect under a valid writ of execution. *Id.* Thus, the contempt citation did not violate the state and federal statute prohibiting imprisonment for failure to pay a debt because the contempt related to the debtor's conduct in hiding his assets, not his failure to pay, and was therefore not an attempt to use means other than a writ of execution to collect a money judgment. *See id.*

The second and third cases cited in *O'Connor* both dealt with situations where a district court's contempt power was used to compel payment pursuant to a court ordered installment plan or turnover order. In *Freeman*, the Tenth Circuit upheld a district court's use of its contempt power to enforce an order to make installment payments to satisfy a money judgment. 426 F.2d at 494. Notably, the installment payments were ordered after a hearing in which the debtor was ordered to appear and answer as to his assets under a state statute intended to aid judgment creditors in collecting from the debtor. *Id.* at 1052. The statute expressly authorized an order of contempt if a debtor failed to comply with the order to make payments. *Id.* at 1051. Because the court was using its contempt power to enforce an order to pay specific funds, and not to enforce a money judgment, the use of the contempt power did not fall under the scope of Rule 69(a). *Laborers' Pension Fund*, the third case cited by the Tenth Circuit in *O'Connor,* dealt with a contempt citation for failure to comply with an order to turnover specific assets in satisfaction of a judgment. 919 F.2d at 494. The Tenth Circuit has since directly addressed the issue decided by the Seventh Circuit in *Laborers'*

*Pension Fund* and concluded that contempt is appropriate when a judgment debtor fails to comply with a turnover order to pay specific assets in satisfaction of a judgment. *United Itern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207 (10th Cir. 2000). Holding a party in contempt for failing to comply with a turnover order or an installment plan, like holding a party in contempt for hiding assets, does not run afoul of Rule 69(a) because the contempt does not stem directly from a judgment debtor's failure to pay a money judgment. Rather, the contempt occurs when a judgment debtor refuses to comply with lawful procedures initiated to collect the money judgment.

Thus, the Tenth Circuit has made clear that contempt is an appropriate remedy to enforce a judgment where a debtor engages in wrongful conduct by hiding assets that a judgment creditor attempts to collect under a writ of execution and where a judgment debtor fails to turnover specific assets that the debtor has been ordered to pay in execution proceedings. Notably, contempt is only an appropriate remedy in both of these situations *after* a judgment creditor has already initiated other lawful processes to collect the money judgment. The contempt is thus not for refusing to pay a money judgment, but for refusing to comply with court orders designed to satisfy the money judgment. *See in re Steele Cattle, Inc.*, 39 F.3d 1192 (10th Cir. 1994) (unpublished) (explaining that debtors who failed to make escrow payments after a bankruptcy court specifically identified assets that the debtors could use to make the payments "confuse the ideas of being imprisoned because they *cannot* pay their debts with being imprisoned because they *refuse* to pay their debts" when arguing that the court could not hold them in contempt). These opinions are therefore fully consistent with the general rule that a money judgment can only be collected by a writ of execution and do not indicate that the Tenth Circuit would depart from the general rule.

Finally, Rule 69(a) requires that "the procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state

6

where the court is located." Fed. R. Civ. P. 69(a).  Under New Mexico law, a district court cannot use its civil contempt power to enforce a civil money judgment.  *Papatheofanis v. Allen*, 2009-NMCA-084, ¶ 13, 146 N.M. 840, 215 P.3d 778.  Because holding a party in contempt carries with it a threat of incarceration, holding a party in contempt for a failure to satisfy a money judgment risks violating a provision in New Mexico's Constitution providing that "[n]o person shall be imprisoned for debt in any civil action."  N.M. Const. Art. 2 §21.  Thus, under New Mexico law, which the Court must look to under Rule 69(a), the Court's contempt power cannot be used to compel the payment of a money judgment.

## CONCLUSION

Because the Tenth Circuit's law in this area is consistent with the general rule that a district court cannot enforce a money judgment by exercising its contempt power, and because New Mexico law expressly forbids such a practice, the Court concludes that contempt is an inappropriate method to compel Abbasid to pay the $5,582.85 in costs ordered by the Court.  To collect its money judgment, LANB was required to utilize a writ of execution as provided for in Rule 69(a).  There is no evidence that LANB attempted to collect its money judgment by means of a writ of execution. Rather, after Abbasid failed to pay the costs taxed by the court clerk, LANB immediately sought to have the Court order Abbasid to pay.  After Abbasid failed to pay the costs as ordered by the Court, LANB then immediately sought to enforce the money judgment by having the Court hold Abbasid in contempt and award additional sanctions to LANB.  While Abbasid has clearly failed to pay the costs the Court ordered it to pay, Abbasid has not interfered with a lawful attempt to collect the money judgment or refused to turnover specific assets in satisfaction of its debt.  While the Court expresses its strong disapproval of Abbasid's continued refusal to pay the costs Abbasid has been ordered to pay, holding Abbasid in contempt is not the appropriate method of compelling Abbasid

to make good on its obligations to LANB.

**IT IS ORDERED THAT:**

Defendant Los Alamos National Bank's Opposed Motion To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Doc. No. 93) is DENIED in that the Court will not hold Abbasid, Inc. or its President, Azhar Said, in contempt and the Court will not award sanctions against Abbasid in favor of LANB.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE