IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC.,
dba Azhar's Oriental Rugs,

        Plaintiff,

vs.                                       CIVIL NO. 09-354 JP/LFG

LOS ALAMOS NATIONAL BANK,

        Defendant.

## **ORDER DENYING MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Plaintiff Abbasid, Inc.'s Motion for Protective Order from Defendant Los Alamos National Bank's Notice of Rule 69 Deposition Duces Tecum of Azhar Said, Individually, and as President of Abbasid, Inc. [Doc. 115]. No response is necessary. For the reasons set out herein, Abbasid, Inc.'s motion is DENIED.

### **Background**

Los Alamos National Bank was the prevailing party in litigation initiated by Abbasid, Inc., dba Azhar's Oriental Rugs ("Abbasid") [Verdict, Doc. 67]. Subsequently, the Clerk's Order Settling Costs was entered [Doc. 80] granting Los Alamos National Bank ("Los Alamos") its taxable costs. Thereafter, Los Alamos initiated discovery proceedings to aid in enforcement or execution of its cost judgment. Los Alamos served a Notice of Rule 69 Deposition Duces Tecum and requests for production [Doc. 109].[1]

Abbasid argues that the Azhar Said has previously been deposed. This is true, but that was a discovery deposition for purposes of the underlying litigation. It was not a deposition to ascertain

---

[1] Los Alamos' written discovery is the subject of another pending motion [Doc. 113]. That motion, however, is not yet ripe for adjudication. It is the notice of subpoena duces tecum that is the subject of Abbasid's present motion.

the nature and extent of Abbasid's assets and liabilities so as to aid in the execution on the judgment.[2]  Additionally, the Federal Rules of Civil Procedure recognize "supplementary proceedings," that is, proceedings subsequent to judgment for the express purpose of determining the judgment debtor's ability to pay.  Rule 69(a).  It is not a new proceeding, but a continuation of the former.  Supplementary proceedings in which judgment debtor is to be questioned concerning his ability to satisfy judgment are not "a new or independent action . . . but . . . only a continuation of the original case for the purpose of discovery in aid of the enforcement of the judgment."  State ex rel. Howell v. Montoya, 74 N.M. 743, 747, 398 P.2d 263, 265 (1965).

Thus, while Said's deposition may have previously been taken in this case, the purpose of that deposition was significantly different than a proceeding in aid of execution.  Accordingly, the Court overrules Abbasid's objection.

Abbasid next argues that Los Alamos did not obtain leave of Court as required by Fed. R. Civ. P. 30(a)(2)(A)(ii).  The Court also rejects this argument.  Leave of Court is not required subsequent to the parties' meet-and-confer.  The Court approved a case management plan, and in accord with that plan, discovery proceeded, the case went to trial and Abbasid failed to prevail.  Separate leave of the Court is not required to engage in supplementary proceedings.  Fed. R. Civ. P. 69(a)(2). Additionally, to the extent that any leave would be required, Abbasid filed its motion for protective order and the Court is now considering whether discovery should or should not proceed.  Accordingly, the Court  rejects Abbasid's argument.

Abbasid next argues that Azhar Said is entitled to be deposed where he lives.  While this is true, Said fails to acknowledge that he requested that the lawsuit against Los Alamos be transferred

---

[2]The deposition is to be taken in aid of enforcement of the Clerk's Order Settling Costs [Doc. 80], which is being treated as a money judgment for purposes of this litigation [Doc. 108, at 3].

to the District of New Mexico.

> As a general rule, the plaintiff and the plaintiff's agents and employees must make themselves available for deposition in the district in which the plaintiff has brought the action regardless of any inconvenience this may cause.

Shepherd's Discovery Proceedings in Federal Court, 3d Ed., § 4.04, *citing* Wisconsin Real Estate Inv. Trust v. Weinstein, 530 F. Supp. 1249, 1254 (E.D. Wisc. 1982), *rev'd in other part on other grounds*, 712 F.2d 1095 (7th Cir. 1983). Thus, the fact that Azhar Said may reside in Texas does not serve to prevent his deposition in the District of New Mexico as he is the Plaintiff and opted to litigate this case in this district.[3]

Finally, Abbasid argues that given the earlier consolidation, the Judgment entered in this case is not a final judgment, as it does not dispose of all claims and is not a final appealable judgment under 28 U.S.C. § 1291. While that may true, the Court's Judgment did dispose of all claims relating to Los Alamos, Los Alamos prevailed in its litigation, and an Order Settling Costs was entered.

The fact that this case may not be final and appealable as to all claims and all issues is not dispositive of Los Alamos' right to ascertain the existence of assets to assist in the collection of its Judgment.

Accordingly, the Court DENIES Abbasid's Motion For Protective Order [Doc. 115] and

---

[3]Abbasid initially chose a different forum, but it was one that had no jurisdiction over Los Alamos. The action was originally filed in Texas State Court. It was removed to the United States District Court for the Southern District of Texas at the request of Los Alamos [Doc. 1]. The action was later dismissed for lack of personal jurisdiction over Los Alamos [Doc. 32]. Abbasid thereafter filed a Motion for New Trial [Doc. 34], requesting either a new trial or, in the alternative, transfer to the United States District Court for the District of New Mexico. The Texas court granted the latter request. [Doc. 37].

Thus, the case was resurrected in this forum at the specific request of Abbasid. While Abbasid may have preferred to litigate in Texas, that state did not have personal jurisdiction over Los Alamos; thus, Abbasid is the one who selected this forum. "Since plaintiff has selected the forum, he or she will not be heard to complaint about having to appear there for a deposition." Clayton v. Velociti, Inc., No. 2298-CM/GLR, 2009 WL 1033738, at *2 (D. Kan. Apr. 17, 2009).

requires that Azhar Said appear for his deposition at the date, time and place designated by Los Alamos. Failure to do so could subject Azhar Said to contempt. The district court can properly hold judgment debtor in contempt for his refusal to answer questions in the supplementary proceedings contemplated by the Rule. State ex rel. Howell v. Montoya, *supra*.

                                                               */s/ Lorenzo F. Garcia*
                                                               Lorenzo F. Garcia
                                                               United States Magistrate Judge