IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC.,
dba Azhar's Oriental Rugs,

        Plaintiff,

 vs.                              CIVIL NO.  09-354 JP/LFG

LOS ALAMOS NATIONAL BANK,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING LOS ALAMOS NATIONAL BANK'S**
**MOTION FOR ORDER TO COMPEL**
**AND GRANTING SANCTION**

THIS MATTER is before the Court on Los Alamos National Bank's Opposed Motion to Compel Production of Documents in Aid of Execution and For Sanctions [Doc. 113]. Abbasid, Inc., dba Azhar's Oriental Rugs ("Abbasid"), filed its Response in opposition on November 17, 2010. The Court determines that neither a reply nor oral argument is necessary. For the reasons hereafter stated, the Court grants Los Alamos National Bank's ("LANB") Motion to Compel and For Sanctions.

**Background**

Following a jury trial, the Clerk of Court entered an Order Settling Costs, taxing the sum of $5,582.85 against Abbasid and in favor of LANB [Doc. 80]. The Clerk's taxation of costs was followed by this Court's Memorandum Opinion and Order filed June 3, 2010 [Doc. 88], which directed Abbasid to pay LANB the $5,582.85 in costs by a date certain. Abbasid, however, did not comply.

Thereafter, LANB filed a motion for order to show cause [Doc. 93] requesting that Azhar Said ("Said"), Abbasid's President and sole shareholder, be held in contempt as a result of his refusal to comply with the order to compel. Abbasid responded claiming, among other things, that the cost order was a "money judgment," and, therefore, enforceable only through Fed. R. Civ. P. 69 [Doc. 95, pp. 2-3].

On September 9, 2010, the Court entered a Memorandum Opinion and Order denying LANB's motion for order to show cause, as LANB had not utilized Rule 69 procedures. It agreed with Abbasid that LANB should have proceeded in accord with Rule 69. "Abbasid argues that the Court's June 3, 2010 order [Doc. 88] is a money judgment subject to Rule 69(a)." The cost award was indeed a money judgment; *see* Wheeler v. John Deere Co., 986 F.2d 413, 415 (10th Cir. 1993)("[a]n award of costs, which partially reimburses the prevailing party for the out-of-pocket expenses of litigation, is obviously 'any money judgment'" for purposes of allowing interest), and the Court so indicated in its Memorandum Opinion and Order.

The Court noted Abbasid's obstinacy in refusing to comply with the Clerk's Order Settling Costs, and, ultimately, concluded that LANB should proceed to enforce its judgment in accord with the requirements of Fed. R. Civ. 69(a). That is exactly what LANB did. It sought to utilize supplementary proceedings as authorized by Rule 69 to obtain financial information from Abbasid and Said that would allow LANB to collect its money judgment. Now, Abbasid and Said refuse to respond, contending that the judgment is "non final."

## **Analysis**

Discovery in aid of execution of a judgment is governed by federal and state rules of procedure. Specifically, Fed. R. Civ. P. 69(a) provides:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution– must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located.

Thus, the federal rules authorize discovery in aid of execution, but require adherence to state procedural rules relating to discovery in aid of execution. In New Mexico, that procedure is outlined in N.M.R.A. 1-069B, which provides:

> Deposition in lieu of examination; other discovery. In lieu of such an examination before the court, the judgment creditor or a successor in interest may obtain discovery from any person, including the judgment debtor, in any manner provided in these rules.

Thus, all methods of discovery commonly available in civil proceedings may be utilized by a judgment creditor to secure information necessary to assist in executing the judgment. Those devices include the use of interrogatories as well as depositions.

In accord with the requirements of Fed. R. Civ. P. 69(a), LANB served interrogatories as well as a notice of Rule 69 deposition duces tecum.[1]

Abbasid responded to each interrogatory served with the same objection:

> The request is vague, ambiguous, overly broad in time and scope, and non specific. The request is unduly burdensome. This request is harassing. Defendant's money judgment is not ripe for enforcement. Defendant does not have an enforceable money judgment at this time and Rule 69 is therefore unavailable as a discovery tool. This

---

[1] By prior order, this Court denied Abbasid's request for a protective order to prohibit a deposition. [Doc. 116].

discovery is premature.  The discovery deadline has passed.

Thus, Abbasid did not answer a single interrogatory nor did it or Said produce a single document.

No objection based on privilege was asserted; Abbasid and Said did not produce a Vaughn index.  *See* Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973).  Thus, any claim of privilege has been waived.  Fed. R. Civ. P. 26(b)(5); In re Stein Law Firm, No. MC 05-0033 JB, 2006 WL 1305041, at *7 (D.N.M. Feb. 9, 2006)("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim").  Abbasid and Said's objections are specious and do not serve to protect them from answering the questions or producing the documents.

Indeed, part of the objection is contrary to Plaintiffs' earlier argument.  They earlier argued that the cost bill was a money judgment and LANB was required to proceed under Rule 69.  When LANB utilized the Rule 69 process, Abbasid and Said shifted gears and contended that this is not an "enforceable money judgment" and that Rule 69 is not available as a discovery tool.  It is clear that Abbasid is playing fast and loose with its arguments and representations to the Court.  This is improper and such conduct will not be countenanced.

Abbasid's present argument is that this issue is on appeal and therefore the judgment is not final.  However, Abbasid and Said make no mention of the requirements under Rule 62(a), which:

> directs that a federal money judgment may not be executed upon until ten [currently 14] days after entry of judgment.  The court may further stay execution of the final judgment when an appeal is properly taken or when the court reviews post-trial motions, as provided by Rule 62.

Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 1240 (2010 ed.).

In this case, more than 14 days have elapsed since the entry of judgment.  While an appeal has been taken, there is no request for a stay of execution of the final judgment, and the Court

4

perceives no need to enter such a stay. LANB is simply not barred from attempting to collect what is due. Thus, the Court rejects Abbasid and Said's argument that discovery cannot go forward or that execution of the judgment is premature.

The Court now directs that Abbasid answer, without further objection, each and every interrogatory served and that full and complete responses to each and every interrogatory served be provided within fifteen days. Further, as the Court concludes that any privilege issue has been waived, the Court directs Abbasid to produce, without further objection, each and every document requested by LANB within fifteen days.

Given Abbasid and Said's recalcitrance and refusal to comply with prior orders and directives, the Court serves appropriate notice and warning that failure to comply with the discovery requests and failure to appear for scheduled depositions and to answer truthfully all questions relevant to the execution of the judgment can result in imposition of sanctions, including contempt of court. O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1210 (10th Cir. 1992). A finding of contempt can result in censure, imposition of fines, or arrest and incarceration. Int'l Union, UNWA v. Bagwell, 512 U.S. 821, 828 (1994); In re Steele Cattle, Inc., No. 94-3036, 1994 WL 596627, at *2 (10th Cir. Nov. 1, 1994).

For the above reasons, the Court overrules Abbasid and Said's objections and fully GRANTS LANB's Motion to Compel. The Court further GRANTS LANB's request for sanctions and directs that Abbasid pay LANB $500.00 as reasonable attorney fees.

IT IS SO ORDERED.

                                                *Lorenzo F. Garcia*
                                                Lorenzo F. Garcia
                                                United States Magistrate Judge