IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

    Plaintiff,

vs.                                                      Case No. Civ. 09-354 JP/LFG

LOS ALAMOS NATIONAL BANK

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 24, 2010 Plaintiff Abbasid, Inc. filed its Objections to Magistrate Judge's Order Denying Abbasid, Inc.'s Motion for Protective Order from Defendant Los Alamos national Bank's Notice of Rule 69 Deposition Duces Tecum of Azhar Said, Individually and as President of Abbasid, Inc. (Objections to Order Denying Motion for Protective Order) (Doc. No. 123) and on December 9, 2010 Abbasid filed its Objections to Magistrate Judge's Memorandum Opinion and Order Granting Los Alamos National Bank's Motion For Order to Compel and Granting Sanctions (Objections to Order to Compel)  (Doc. No. 124) (collectively "Objections")[1].  In its Objections, Abbasid argues that the Magistrate Judge erred in concluding that Defendant Los Alamos National Bank (LANB) has a valid judgment such that it can use post-judgment discovery to ascertain Abbasid's assets. Abbasid does not challenge any of the

---

[1] Because Abbasid makes the same argument in both objections—that the Magistrate Judge erred in concluding that LANB has a valid judgment such that it can use post-judgment discovery to ascertain Abbbasid's available assets—the two objections will be collectively referred to as Abbasid's Objections and will both be disposed of in this Memorandum Opinion and Order.  The objections will also be referred to individually where necessary for clarity.

other findings and conclusions of the Magistrate Judge. On December 15, 2010, LANB filed a Response (Doc. No. 125) to Abbasid's Objections. In its Response, LANB argues that the Magistrate Judge's orders are not clearly erroneous and contrary to law because the February 26, 2010 Judgment (Doc. No. 68) entered against Abbasid was a final judgment that ended the litigation on its merits. Having reviewed the applicable law and the parties briefs, the Court concludes that Abbasid's Objections should be overruled.

## BACKGROUND

In May 2008, Abbasid filed separate lawsuits against LANB and First National Bank of Santa Fe (FNBSF) and, on May 22, 2009, the Court entered a *Sua Sponte* Order of Consolidation (Doc. No. 46 in Case No. Civ. 09-354, Doc. No. 37 in Case No. Civ. 09-347) consolidating the two cases.[2] The consolidated cases were later set for a jury trial beginning on February 22, 2010. However, only Abbasid's claims against LANB were litigated during the jury trial because Abbasid settled its claims against FNBSF in January 2010. *See* Doc. No. 185 in Case No. Civ. 09-347. At the conclusion of the trial, the jury returned a verdict in LANB's favor (Doc. No. 67 in Case No. Civ. 09-354), the Court entered judgment in favor of LANB (Doc. No. 68 in Case No. Civ. 09-354), and the Clerk of the Court taxed costs against Abbasid and in favor of LANB in the amount of $5,582.85. Clerks Order Settling Costs (Doc. No. 80). Abbasid did not pay the costs, and the parties continued to litigate over Abbasid's non-payment. Contemporaneously with the trial, a dispute arose between Abbasid and FNBSF regarding the settlement between the parties and the Court stayed the proceedings in Case No. Civ. 09-347 pending the resolution of a

---

[2] For a more detailed procedural history of these cases, see the Court's January 3, 2011 Memorandum Opinion and Order Deconsolidating Case No. Civ. 09-347 and Case No. Civ. 09-354 (Doc. No. 128)

state court interpleader action in the First Judicial District Court. *See* Memorandum Opinion and Order Staying Proceedings In Case No Civ. 09-347 (Order Staying Proceedings) (Doc. No. 205 in Case No. Civ. 09-347).

The parties litigation over Abbasid's failure to pay the costs awarded to LANB culminated with a number of motions and orders filed in November 2010. On November 3, 2010 LANB filed a Motion to Compel Production of Documents In Aid of Execution and for Sanctions (Motion to Compel) (Doc. No. 113). LANB sought to compel Abbasid to respond to a request for production that LANB had served on Abbasid in order to aid in LANB's execution of the Judgment entered in LANB's favor. LANB also requested that the Court sanction Abbasid for Abbasid's failure to comply with the request for production. On November 8, 2010 Abbasid filed a Motion for Protective Order from Defendant [LANB's] Notice of Rule 69 Deposition Duces Tecum of Azhar Said, Individually and as President of Abbasid, Inc (Motion for Protective Order) (Doc. No. 115). Abbasid sought a protective order to prohibit a post-judgment deposition that LANB had scheduled or, in the alternative, a change of the deposition's location from Santa Fe, New Mexico to McAllen, Texas. Abbasid argued that LANB is not entitled to utilize Rule 69 post-judgment discovery because there is not a final judgment in the case.

On November 12, 2010 Magistrate Judge Lorenzo F. Garcia entered an Order Denying Motion For Protective Order (Doc. No. 116). Magistrate Judge Garcia concluded that Rule 69 of the Federal Rules of Civil Procedure permitted the deposition and that because Abbasid chose New Mexico as the forum for its lawsuit, Abbasid cannot seek to change the location of Mr. Said's deposition to Texas on the ground that New Mexico is not a convenient forum. On November 22, 2010 Magistrate Judge Lorenzo F. Garcia entered a Memorandum Opinion and Order Granting [LANB's] Motion For Order to Compel and Granting Sanction (Doc. No. 120).

3

Magistrate Judge Garcia concluded that the February 26, 2010 Judgment was a final judgment and that LANB was entitled to collect on the judgment using the procedures outlined in Rule 69. Magistrate Judge Garcia ordered Abbasid to comply with LANB's request for production and sanctioned Abbasid in the amount of $500.

In its Objections, Abbasid contends that Magistrate Judge Garcia erred in concluding that LANB could utilize Rule 69 to collect on its February 26, 2010 Judgment. Specificaly, Abbasid argues that because the Court stayed the proceedings in Case No. Civ. 09-347, the claims in Case No. Civ. 09-347 have not been fully resolved and the Judgment in this case was therefore not a final appealable order such that LANB could utilize the discovery tools authorized by Rule 69 to collect its judgment. On January 3, 2011, the Court deconsolidated Case Nos. Case No. Civ. 09-354 and Case No. Civ. 09-347. *See* Memorandum Opinion and Order Deconsolidating Case No. Civ. 09-347 and Case No. Civ. 09-354 (Doc. No. 128). However, because the cases were still consolidated when Magistrate Judge Garcia entered the orders and when Abbasid filed its Objections, the Court will apply the law applicable to consolidated actions.

## DISCUSSION

### A. Standard of Review

Both of the Magistrate Judge's orders that Abbasid objects to dealt solely with post-judgment discovery issues. Because discovery is a nondispositive matter, this Court must "defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The Court therefore considers whether the Magistrate Judge's denial of Abbasid's Motion for Protective Order and his grant of LANB's Motion to Compel were clearly erroneous or contrary to law. Because the Court concludes that the Magistrate Judge's orders were not clearly erreneous or contrary to law, Abbasid's

Objections will be overruled.

**B. The February 26, 2010 Judgment is a Final Appealable Order**

The basis for both of Abbasid's Objections is that Magistrate Judge Garcia erred in concluding that the February 26, 2010 Judgment in favor of LANB was a final appealable order such that LANB can utilize Rule 69 to collect its judgment. Abbasid contends that "[i]t is contrary to law to hold that LANB has a right to ascertain the existence of assets when there is no final judgment and the law does not allow discovery of assets before judgment." Objection to Order Denying Motion for Protective Order at 3. According to Abbasid, Magistrate Judge Garcia erred by referring to the February 26, 2010 award of costs as a judgment because all of the claims and issues in this case have not been resolved. Specifically, Abbasid notes that because its claims against FNBSF and LANB were consolidated, and because its case against FNBSF is currently stayed and has not been completely disposed of, there is no final judgment from which Abbasid could appeal.

As Abbasid correctly notes, "a judgment in a consolidated action that does not dispose of all claims shall not operate as a final, appealable judgment under 28 U.S.C. §1291." Generally, "to obtain review of one part of a consolidated action, [an] appellant must obtain certification under Fed. R. Civ. P. 54(b)." *Trinity Broadcasting Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987). Rule 69, the rule LANB is using to attempt to ascertain Abbasid's assets in aid of execution of LANB's judgment, provides that "[a] money judgment is enforced by a writ of execution." While nothing in Rule 69 expressly requires that a judgment be a final appealable order, Rule 54(a) provides that the term "judgment," as used in the rules of civil procedure, "includes a decree and any order from which an appeal lies." Because a judgment is defined as a final appealable order and because Rule 69 only applies to judgments, Abbasid appears to be

5

correct that Rule 69(a) is not an available remedy unless a final appealable judgment has been entered as "there is no right to discovery of assets prior to the entry of a judgment." *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir.1974).

Contrary to Abbasid's assertions, however, the Judgment in LANB's favor was a final appealable order and Rule 69 is therefore available to LANB to aid in the execution of the Judgment. In order to be appealable, an order must "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Alexander v. U.S. Parole Com'n*, 514 F.3d 1083, 1087 (10th Cir. 2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945). Because Abbasid had settled its claims with FNBSF in January 2010, the proceedings with respect to FNBSF had already ended on their merits prior to the entry of Judgment in LANB's favor. Thus, when the Court entered Judgment in LANB's favor, there was nothing remaining on the merits to litigate in either case—the claims against FNBSF had been disposed of by settlement and the claims against LANB had been disposed of by the jury's verdict in LANB's favor. The February 26, 2010 Judgment was therefore a final appealable order.

While there were issues pending in the case Abbasid brought against FNBSF at the time that the Judgment was entered, those issues were collateral issues unrelated to the merits of Abbasid's claims and thus do not affect the finality of the judgment. *See Hutchinson v. Pfeil*, 105 F.3d 562 (10th Cir. 1997) (noting that pending matters that are collateral to the merits of a claim do not affect the finality of a judgment). The only issue remaining in Abbasid's case against FNBSF at the time the Judgment was entered was a motion that Abbasid had filed to enforce the settlement agreement between Abbasid and FNBSF. *See* Amended Motion To Enforce Settlement Agreement (Doc. No. 185 in Case No. Civ. 09-347) This collateral issue had no bearing on the merits of Abbasid's claims against FNBSF and instead related only to the

enforcement of the settlement agreement. Because the merits of Abbasid's claims against FNBSF were resolved by settlement in January 2010, the Judgment entered in LANB's favor on February 26, 2010 disposed of all of the claims in both of the consolidated cases and is therefore a final and appealable order.

## C.  LANB is a Judgment Creditor

In addition to arguing that there is no final judgment, Abbasid also asserts that LANB is not a judgment creditor.  *See* Objections to Order Denying Motion For Protective Order at 3. Abbasid contends that LANB is not a judgment creditor because LANB does not have a legal right to enforce execution of a judgment for a specific sum of money.  The Court disagrees. The jury in this case returned a verdict in favor of LANB.  Redacted Special Verdict Form (Doc. No. 67). Following the jury's verdict, the Court entered judgment in favor of LANB dismissing Abbasid's claims against LANB with prejudice. Judgment (Doc. No. 68)  The Clerk of the Court then taxed costs against Abbasid in the amount of $5,582.85.  Clerks Order Settling Costs (Doc. No. 80). Under 28 U.S.C. §1920, the taxation of costs statute, costs are "included in the judgment or decree" upon allowance. *See also Massachusetts Bonding and Ins. Co. v. Clymer Mfg. Co.*, 48 F.2d 513 (10th Cir. 1931) (noting that "[a] judgment or decree in the trial court includes the costs in that court" and that "[s]uch costs are merged in the judgment"). Thus, the $5,582.85 costs award merged into the Judgment and the Judgment became a judgment for a specific sum of money—a money judgment in the amount of $5,582.85.  Because a money judgment was entered against Abbasid, and because Abbasid does not provide any other explanation or authority to support its assertion that LANB is not a judgment creditor, the Court sees no merit in Abbasid's claim that LANB is not a judgment creditor.

Because the Judgment entered in LANB's favor is a final, appealable order and because

LANB is a judgment creditor, Magistrate Judge Garcia did not err in concluding that Rule 69(a) permits LANB to engage in post-judgment discovery in aid of executing its judgment. Thus, Magistrate Judge Garcia's decisions denying Abbasid's Motion for a Protective Order and granting LANB's Motion to Compel are not clearly erroneous or contrary to law.

IT IS ORDERED THAT Abbasid's Objections to Magistrate Judge's Order Denying Abbasid, Inc.'s Motion for Protective Order from Defendant Los Alamos national Bank's Notice of Rule 69 Deposition Duces Tecum of Azhar Said, Individually and as President of Abbasid, Inc. (Doc. No. 123 in Case No. Civ. 09-354) and Abbasid's Objections to Magistrate Judge's Memorandum Opinion and Order Granting Los Alamos National Bank's Motion For Order to Compel and Granting Sanctions (Doc. No. 124 in Case No. Civ. 09-354) are OVERRULED.

_____
SENIOR UNITED STATES DISTRICT JUDGE