IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC.,
dba Azhar's Oriental Rugs,

        Plaintiff,

vs.                                          CIVIL NO.  09-354 JP/LFG

LOS ALAMOS NATIONAL BANK,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE
## AND IMPOSING SANCTIONS[1]

THIS MATTER is before the Court on Los Alamos National Bank's ("LANB") Opposed Motion for Order to Show Cause Why Azhar Said Should Not Be Held in Contempt and For Sanctions [Doc. 130].  The Court considered the Motion, the Response [Doc. 132], and Reply [Doc. 136].  Oral argument is not necessary, and the Court determines that a separate show-cause hearing is not warranted.  Instead, the Court decides this matter based on the parties' submissions.

### Background

Following a jury trial, a verdict was returned in favor of LANB and against Plaintiff on February 26, 2010 [Doc. 68].  As the prevailing party, LANB sought an award of taxable costs. Plaintiff opposed the request, but, ultimately, the Clerk of the Court issued an Order Settling Costs

---

[1] On September 22, 2010 [Doc. 110], Plaintiff filed a Notice of Appeal.  Normally, filing notice of appeal divests the district court of jurisdiction over the issues on appeal.  However, the district court retains jurisdiction over "collateral matters not involved in the appeal." Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998) (*quoting* Garcia v. Burlington Northern R. Co., 818 F.2d 713, 721 (10th Cir.1987)).  In Lancaster, the district court properly retained jurisdiction, after the notice of appeal was filed, to determine a Rule 37 sanctions request.  Here, the question of whether Plaintiff should be sanctioned for violating discovery orders when no stay was granted appears to be a collateral issue and, therefore, authority to consider the matter remains in the trial court.

and taxing them against Plaintiff in the amount of $5,582.85 [Doc. 80]. Subsequent to the Court taxing costs in favor of LANB, a request was made for payment, and Plaintiff refused or otherwise failed to pay the costs ordered.

LANB then sought the Court's assistance in collecting the costs, and requested that the Court find Plaintiff in contempt as a result of its refusal to pay. Plaintiff objected to the contempt procedure and argued that if LANB wanted to collect, it was required to pursue collection proceedings as authorized by law, i.e., writ or garnishment practice.

So as to obtain information concerning Plaintiff's assets, LANB utilized supplementary discovery proceedings authorized by law. LANB served a set of interrogatories and requests for production and noticed Azhar Said ("Said"), President of Abbasid, Inc., for a deposition duces tecum. Plaintiff did not answer a single interrogatory nor produce a single document. Rather, relying on a litany of broad objections, it declined to provide any of the requested information. Significantly, Plaintiff did not supply LANB with a Vaughn index[2] identifying any document being withheld pursuant to a claim of privilege.

As result of Plaintiff's and Said's recalcitrance, LANB filed a Motion to Compel [Doc. 113], and Plaintiff filed a response in opposition [Doc. 118]. After consideration of the pleadings, the Court filed a Memorandum Opinion and Order granting the Motion to Compel and imposing sanctions against Plaintiff [Doc. 120]. The Court's order directed Plaintiff to produce all requested

---

[2]The phrase "Vaughn index" stems from the case of Vaughn v. Rosen, 485 F. 3d 820 (D.C. Cir. 1973). When documents are withheld under a claim of privilege, the withholding party is required to provide this index to the requesting party. The index identifies the Bates-stamped identifier for the document, the document's date of origination, identifies to whom the document was provided, the author of the document, a general description of the document, as well as the specific claim of privilege being asserted. The failure to provide a Vaughn index can result in waiver of any privilege. See Fed. R. Civ. P. 26(b)(5)(A) (to claim a privilege or protect trial preparation materials, a party must assert the privilege and describe the nature of the documents, etc., not produced and do so in a manner that will enable other parties to assess the claim of privilege).

documents by December 7, 2010, and to pay a sanction of $500. Further, the Court admonished Plaintiff and Said that "failure to comply with the discovery requests and failure to appear for scheduled depositions and to answer truthfully all questions relevant to the execution of the judgment can result in imposition of sanctions, including contempt of court." [Id. at p. 5].

Plaintiff sought an immediate review of the Magistrate Judge's order through objections filed December 9, 2010 [Doc. 124]. The filing of objections does not serve to automatically stay the effect of the Court's order. *See, e.g.,* Plant v. Merrifield Town Center Ltd. Partnership, 711 F. Supp. 2d 576, 584 (E.D.Va. 2010) (finding no support for the contention that a magistrate judge's order on a non-dispositive motion, such as a discovery order, is automatically stayed upon timely filing of an objection to that order); Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656 (D. Colo. 2001) ("Those courts that have considered the issue have held that the filing of an objection does not automatically stay the magistrate judge's [discovery] order") (collecting cases); Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 ("Moreover, a timely objection does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection.") (citing cases). Rather, a party wishing to stay enforcement of an order must seek relief either before the judge who issued the order or before the reviewing judge. In this case, Plaintiff neither sought nor obtained a stay of the order. Thus, it was compelled to comply by the December 7, 2010 deadline, but failed to do so.

Moreover, notwithstanding the objections filed, on January 5, 2011, the Honorable James A. Parker, the trial judge in this case, overruled the Plaintiff's objections [Doc. 129]. With the objections being overruled, LANB contacted Plaintiff's counsel to request that the sanctions be paid immediately and that all documents ordered to be produced be provided [Doc. 130, Ex. 1]. Plaintiff ignored the request.

In an effort to obtain information concerning the availability of assets to satisfy the judgment, LANB earlier noticed a Rule 69 deposition duces tecum to Azhar Said, individually, and as President of Abbasid, *Inc. [Doc. 115-1]. It set the deposition for November 17, 2010. Prior to the deposition, on November 8, 2010, Plaintiff filed an opposed Motion for Protective Order as to Said [Doc. 115]. The Court denied the motion for protective order [Doc. 116], directed Said to appear for his deposition "at the date, time and place designated by [LANB]," and stated that "failure to do so could subject Azhar Said to contempt." [Id. at p. 4]. Plaintiff and Said failed to appear.

Plaintiff also filed objections to the Court's denial of the Motion for Protective Order, contending that the Magistrate Judge's order was clearly wrong. [Doc. 123.] On January 5, 2011, Judge Parker overruled those objections as well. [Doc. 129]. Said failed to appear for the November deposition and LANB incurred costs and fees in their failed efforts to examine Said.

## Analysis

It is clear that the Court issued specific orders directing Plaintiff and Said to produce documents, appear for depositions, and pay sanctions. It is undisputed that Plaintiff and Said received the orders, had knowledge of the contents, and refused to obey. *See* Reliance Ins. Co. v. Mast Constr., 159 F.3d 1311, 1315 (10th Cir. 1998) (to prevail in a civil contempt proceeding, the movant must prove, by clear and convincing evidence, that a valid court order existed, the opposing party had knowledge of the order, and that party disobeyed the order). Moreover, Said failed to appear for a deposition even though the Court denied his request for a protective order.

Plaintiff had the right to file objections to the Magistrate Judge's order. However, as stated *supra*, it did not seek a stay of the effect of that order, and, thus, was required to comply by the date directed by the Magistrate Judge. Additionally, once the trial judge affirmed the Magistrate Judge's

ruling on January 5, 2011, Plaintiff and Said were duty-bound to comply with the Court's order, and, again, they refused to do so. That refusal was in contumacious disregard for the Court's orders and served only to obstruct LANB's rights to obtain information necessary to collect its judgment. Plaintiff and Said's conduct, in the face of direct orders requiring them to produce information, and after the Magistrate Judge's orders were affirmed, was without justification.

It is undisputed that Plaintiff and Said have not produced any document required by the order, have not answered any question, have failed to appear for a deposition, and, at present, continue to refuse to comply. It is further clear that the Court's earlier minimal $500 sanction was insufficient to garner Plaintiff's or Said's attention and to coerce their compliance with the Court's order. Thus, the Court determines that a more significant penalty may convince Plaintiff and Said that their obligations under discovery rules must be met and that they must obey Court rules and directives. As the purpose of this proceeding is to compel compliance, the Court determines that, at this time, Plaintiff and Said are in direct civil contempt. The Court will, therefore, impose a new penalty of $2,500 against Plaintiff and Said, individually, to encourage and compel their compliance. If Plaintiff and Said do not comply, the Court will then set a separate criminal contempt proceeding for a different purpose, that is, to determine whether additional sanctions of fines or incarceration are appropriate to punish the non-compliance.

The assessment of penalties against the corporation and Said are appropriate, as Said is the sole corporate officer and shareholder, and it was his decision to refuse to comply. *See* Wilson v. United States, 221 U.S. 361, 376 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of

disobedience, and may be punished for contempt.") Here, Said is the individual responsible for the corporation's affairs and for its disobedience, and thus, may be held in contempt.

The $2,000 penalty is in addition to the prior $500 penalty earlier assessed. Thus, the amounts now owing by Plaintiff and Said to LANB as sanctions include the $500 imposed on the Motion to Compel and the $2,000 imposed by this order.[3]

The amounts owing are to be paid by Plaintiff and Said by February 28, 2011. Plaintiff and Said shall file a certificate of compliance confirming that the payment was paid in full.

SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge

---

[3] Plaintiff also owes the original costs of $5,582.85. However, that cost bill is the subject of Plaintiff's pending appeal and Plaintiff has requested that the trial judge stay payment of that amount pending the appeal.