IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC., d/b/a Azhar's Oriental Rugs

    Plaintiff,

vs.

                                                                            No.    09-CV-354 JAP/LFG

LOS ALAMOS NATIONAL BANK,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

        On February 17, 2011 Magistrate Judge Lorenzo F. Garcia entered a Memorandum Opinion and Order on Defendant's Motion For Order To Show Cause And Imposing Sanctions (Sanctions Order) (Doc No. 139). On March 3, 2011 Plaintiff Abbasid Inc. filed Objections to Judge's Order On Defendant's Motion For Order To Show Cause And Imposing Sanctions (Objections) (Doc. No. 144), arguing that the Magistrate Judge erred in imposing a $2,000 contempt fine against Abbasid. Defendant Los Alamos National Bank (LANB) filed a Response (Doc No. 147) on March 15, 2011. Having considered the arguments of both parties as well as the applicable law, the Court concludes that the monetary fine imposed by the Magistrate Judge should be vacated. However, the Court also concludes that Abbasid is in civil contempt for its failure to comply with the Court's orders and that Abbasid is required to compensate LANB for the losses LANB sustained as a result of Abbasid's contempt.

**BACKGROUND**

        This opinion is one of many in a string of opinions issued by both this Court and the Magistrate Judge related to LANB's attempts to collect $5,582.85 in costs that were awarded to LANB following a jury verdict in LANB's favor. *See e.g.* September 9, 2010 Memorandum

1

Opinion and Order (Doc. No. 108) and November 22, 2010 Order by Magistrate Judge Lorenzo F. Garcia (Doc. No. 120).  Due to Abbasid's initial denial that it was required to pay the costs and later refusal to pay the costs, LANB was forced to utilize a number of methods to attempt to collect its judgment.  *See id.*  In one of its attempts to collect, LANB utilized the post-judgment discovery procedures authorized by Rule 69(a) of the Federal Rules of Civil Procedure.  Specifically, LANB served a set of interrogatories and requests for production on Abbasid and noticed Azhar Said, the President of Abbasid, for a November 17, 2010 deposition duces tecum.

Abbasid did not comply with LANB's requests so, on November 3, 2010, LANB filed a Motion To Compel Production of Documents In Aid Of Execution And For Sanctions (Motion to Compel) (Doc. No. 113) seeking an order requiring Abbasid to comply with LANB's requests for production and to answer LANB's interrogatories.  LANB contended that Abbasid had refused to comply with LANB's requests for production and that Abbasid had failed to answer LANB's interrogatories.

On November 8, 2010 Abbasid filed a Motion For Protective Order From Notice Of Rule 69 Deposition Duces Tecum of Azhar Said (Motion for Protective Order) (Doc. No. 115), in an attempt to avoid a deposition of Said that was scheduled for November 17, 2010.  On November 12, 2010 the Magistrate Judge entered an Order Denying Motion For Protective Order (November 12, 2010 Order) (Doc. No. 116).  In denying Abbasid's Motion for Protective Order, the Magistrate Judge ordered Said to "appear for his deposition at the date, time and place designated by [LANB]" and noted that "failure to do so could subject Azhar Said to contempt." November 12, 2010 Order at 4.  Despite having been ordered to appear, Said did not attend the November 17, 2010 deposition scheduled by LANB. On November 24, 2010, seven days *after* Said was supposed to appear at the deposition, Abbasid filed objections to the Magistrate

Judge's November 12, 2010 Order denying Abbasid's Motion for Protective Order. *See Objections to Magistrate's Order Denying Motion for Protective Order* (Doc. No. 123).

On November 22, 2010, the Magistrate Judge granted LANB's Motion to Compel. *See* November 22, 2010 Order by Magistrate Judge Lorenzo F. Garcia (Doc. No. 120). In the November 22, 2010 Order the Magistrate Judge ordered Abbasid to answer the interrogatories and produce all of the documents that LANB had requested. *See id.* In addition, the Magistrate Judge ordered Said to "appear for scheduled depositions." *See id.* The Magistrate Judge cautioned Abbasid that failure to comply with the Order "can result in imposition of sanctions, including contempt of court." *Id.* at 5.

On December 9, 2010 Abbasid filed objections to the Magistrate Judge's November 22, 2010 Order. *See* Objections to Magistrate's Memorandum Opinion and Order Granting LANB's Motion for Order To Compel And Granting Sanctions (Doc. No. 124). Abbasid did not, however, request a stay of the Magistrate Judge's November 22, 2010 Order and Abbasid was therefore required to comply with the order while Abbasid's objections remained pending. Despite the fact that the Magistrate Judge's Order remained in effect, Abbasid did not comply with the order as it did not produce the documents that LANB had requested or respond to the interrogatories. On January 5, 2011 the Court overruled Abbasid's objections to the Magistrate Judge's November 12, 2010 Order and the Magistrate Judge's November 22, 2010 Order. *See* January 5, 2011 Memorandum Opinion and Order (Doc. No. 128).

On January 14, 2011 LANB filed an Opposed Motion For Order To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Motion for Order to Show Cause) (Doc. No. 130), arguing that Abbasid had failed to comply with the Magistrate Judge's November 22, 2010 Order by failing to produce documents and respond to the interrogatories

and that Abbasid should be sanctioned for its failure to comply. LANB also noted that Said had failed to appear at the November 17, 2010 deposition, as ordered by the Magistrate Judge, and that Said continued to refuse to appear for a deposition. *See id.*

On January 28, 2011 Abbasid filed a Motion to Stay Enforcement of Judgment and for Approval of Supersedeas Bond (Motion to Stay) (Doc. No. 131) and posted a supersedeas bond that was sufficient to cover the costs awarded to LANB as well as a $500 compensatory sanction previously imposed by the Magistrate Judge. On February 24, 2011 the Court entered a Memorandum Opinion and Order (Stay Order) (Doc. No. 142) granting Abbasid's Motion to Stay. Because the Court granted Abbasid's Motion to Stay, LANB is currently precluded from executing its judgment until after Abbasid's appeal has been resolved.

On February 17, 2011, prior to the Court's Stay Order, the Magistrate Judge entered its Sanctions Order granting LANB's Motion for Order to Show Cause. In the Sanctions Order, the Magistrate Judge concluded that Abbasid had violated the Magistrate Judge's November 12 and November 22, 2010 Orders requiring Abbasid to produce documents, answer interrogatories, and appear at the November 17, 2011 deposition. The Magistrate Judge noted that because Abbasid had not sought a stay of the Magistrate Judge's November 12 or November 22, 2010 Orders, Abbasid was "duty-bound to comply with the Court's order." The Magistrate Judge further found that Abbasid's "refusal was in contumacious disregard for the Court's orders and served only to obstruct LANB's rights to obtain information necessary to collect its judgment" and that Abbasid and Said's "conduct, in the face of direct orders requiring them to produce information . . . was without justification." As a result of Abbasid's failure to comply, the Magistrate Judge

determined that Abbasid was "in direct civil contempt" and ordered Abbasid to pay a $2,000[1] penalty "to encourage and compel" Abbasid's compliance with the Magistrate Judge's orders. *Id.* at 5.  On March 3, 2011 Abbasid filed its Objections.

Abbasid objects to the Magistrate Judge's Sanctions Order on three grounds.  First, Abbasid contends that the Sanctions Order holds Abbasid in criminal contempt, not civil contempt, and that Abbasid was therefore entitled to the protections that the United States Constitution requires of criminal proceedings.  Second, Abbasid contends that there was no evidence before the Magistrate Judge to support a $2,000.00 fine.  Third, Abbasid contends that its January 26, 2011 Motion for Stay precluded the Magistrate Judge from ruling on LANB's Motion for Sanctions as LANB's Motion was mooted by the stay.

## DISCUSSION

**A. Standard of Review**

The parties dispute whether the Magistrate Judge's Sanctions Order should be reviewed under the *de novo* standard applicable to orders on dispositive motions or under the "clearly erroneous or contrary to law standard" applicable to orders on non-dispositive matters. While Abbasid contends that the Motion filed by LANB was a dispositive motion under Rule 72, LANB contends that the Motion was a non-dispositive discovery matter.  The Court, however, concludes that resolution of the correct standard of review requires a more nuanced application of 28 U.S.C. §636 than merely determining whether the motion was dispositive or non-dispositive.

Under 28 U.S.C. §636(b), a United States District Court Judge "may designate a magistrate judge to hear and determine any *pretrial* matter pending before the court except" for

---

[1]There appears to be a typographical error on page 5 of the Sanctions Order that incorrectly states that the sanction was $2,500, not $2,000.

one of the eight dispositive motions listed in the statute.[2] Unless the pretrial matter is one of the eight dispositive motions listed in the statute, the Court reviews objections to the Magistrate Judge's order under the "clearly erroneous or contrary to law" standard. *See* Fed R. Civ. P. 72(a). When a Magistrate Judge resolves a dispositive pre-trial motion, the Court reviews objections to the Magistrate Judge's order *de novo*. Fed. R. Civ. P. 72(b)(3). What is not immediately apparent, however, is what standard of review should apply where, as here, the Magistrate Judge resolves a *post-judgment* motion.

While § 636 "does not expressly authorize a district court to designate a magistrate to handle post-judgment matters," the statute "does have an inclusive provision which allows a district court to assign a magistrate 'such additional duties as are not inconsistent with the Constitution and the laws of the United States." *Colorado Building and Construction Trades Council v. B.B. Anderson Construction Co.*, 879 F.2d 809, 811 (10th Cir. 1989). Because the rules of civil procedure do not specify the standard of review applicable to orders issued by a Magistrate Judge under the "additional duties" provision of §636, the Tenth Circuit has concluded that "a magistrate exercising 'additional duties' jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the 'ultimate responsibility for decision making in every instance." *Id.* Thus, the standard of review for post-judgment orders by a magistrate judge is *de novo* review. *See id.*

**B. Abbasid Was Erroneously Held In Criminal Contempt**

---

[2]The eight dispositive motions listed in the statute are: "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim for which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. §636(b)(1)(A).

"The distinction between criminal and civil contempt is important because "criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Law v. National Collegiate Athletic Association*, 134 F.3d 1438, 1442 (10th Cir. 1998) (quotation and alteration marks omitted). Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *Id. (*quotation marks omitted). Thus, contempt is civil only where a fine is imposed to compel future compliance with an order or to compensate the losses sustained by the moving party as the result of the contemner's failure to comply with a court order. *See id.* In addition, "[w]here a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to pruge." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994). That is, if the contemner is not given the opportunity to reduce the fine or avoid the fine entirely by complying with the court's order, the fine will be deemed to be punitive and the contempt will be deemed to be criminal. *See id.* Criminal contempt, on the other hand, "serve[s] the purpose of punishing the contemner for violating a court order." *In re Skinner*, 917 F.2d 444, 447 n.2 (10th Cir. 1990).

Here, it is clear that the $2,000.00 fine the Magistrate Judge imposed on Abbasid was not intended to compensate LANB for Abbasid's failure to comply with the Magistrate Judge's Discovery Order. And, while the Magistrate Judge noted that the purposes of the penalty was "to encourage and compel . . . compliance," language that is typical of a civil contempt, the Magistrate Judge did not give Abbasid the opportunity to "purge" the contempt and avoid a fine by complying with the Magistrate Judge's Discovery Order. Thus, the $2,000.00 fine imposed on Abbasid for its contempt was punitive and therefore criminal. Because a party cannot be held in criminal contempt absent some form of procedural protection, and because Abbasid was not

7

afforded such protections, the Magistrate Judge erred in holding Abbasid in criminal contempt and the Court will vacate the $2,000.00 fine imposed by the Magistrate Judge for Abbasid's criminal contempt.

## B. Abbasid Is In Civil Contempt

While Abbasid generally requests that the Court review the Sanctions Order "in its entirety," Abbasid does not directly challenge the Magistrate's conclusion that Abbasid committed a contempt of court when it refused to comply with the Magistrate Judge's orders. Despite Abbasid's failure to challenge the Magistrate Judge's findings, the Court nonetheless reviewed *de novo* the procedural history of this case. Having reviewed the record *de novo*, the Court concludes that the Magistrate did not err in concluding that Abbasid contumaciously disregarded the Court's orders when it refused to respond to LANB's interrogatories, refused to produce the documents it was ordered to produce, and when Said failed to appear at the November 17, 2010 deposition that had been scheduled. Abbasid was directly ordered to answer, produce, and appear and Abbasid refused to do so without any justification.

In order to hold a party in civil contempt, the Court must find that a "party violated a specific and definite court order and [that] the party had notice of the order." *In re Lucre Management Group, LLC*, 365 F.3d 874 (10th Cir. 2004) (quotation marks omitted). On November 12, 2010 the Magistrate Judge entered an order requiring Said to appear for his deposition at the date, time, and place designated by LANB. *See* Order Denying Motion for Protective Order (Doc. No. 116). Because the order was electronically filed, Abbasid had notice of the Order well in advance of the November 17, 2010 deposition. Abbasid and Said violated this order by failing to appear at the November 17, 2010 deposition that LANB had scheduled. On November 22, 2010 the Magistrate Judge entered an order requiring Abbasid to respond to LANB's requests for production and to answer LANB's interrogatories. Despite having notice

8

of this order, Abbasid did not comply with the order.

Because Abbasid violated two specific and definite court orders, and because Abbasid had notice of those orders, the Court concludes that Abbasid should be held in civil contempt for its violation of the Court's orders. As a result of this civil contempt, the Court will order Abbasid to compensate LANB for the reasonable attorney's fees and expenses that LANB incurred seeking to enforce the Court's orders. Within seven days of the date that this Memorandum Opinion and Order is entered, LANB is to file a sworn affidavit detailing the costs that LANB incurred:

> (1)   setting up, preparing for, and attending the November 17, 2011 deposition at which Said failed to appear;
>
> (2)   preparing and filing LANB's January 14, 2011 Motion For Order To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Doc. No. 130); and
>
> (3)   preparing and filing LANB's Reply to Response to Motion For Order To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Doc. No. 136).

After receipt of LANB's affidavit, the Court will enter an order awarding LANB an amount necessary to compensate LANB for the losses it sustained as a result of Abbasid's civil contempt. *See Bagwell*, 512 U.S. at 829 (noting that a contempt fine is "civil and remedial if it . . . compensates the complainant for losses sustained") (quotation and alteration marks omitted).

**C. Abbasid's Motion for Stay did not relieve Abbasid of its obligations to comply with the Magistrate's Orders**

Abbasid's final argument is that its January 26, 2011 Motion for Stay precluded the Magistrate Judge from considering whether Abbasid was in contempt for violating the

Magistrate Judge's November 12 and November 22 Orders.  Abbasid does not cite any authority for its proposition that filing a motion for stay can forgive an act of contempt that has already been committed.  Abbasid refused to comply with the Magistrate Judge's orders for two months prior to filing its Motion for stay.  Thus, at the time that Abbasid filed its Motion for Stay, the acts of contempt had already occurred. While the Court's February 28, 2011 Stay Order relieved Abbasid of its ongoing obligations to comply with the Magistrate Judge's November 12 and November 22 orders, the Stay Order had no effect on the acts of contempt—Abbasid's refusal to comply with the orders—that had already occurred.  Because Abbasid's failure to comply with the Court's orders occurred prior to Abbasid's filing of its Motion for Stay, and because LANB incurred losses as a result of Abbasid's contempt prior to the Court's grant of Abbasid's Motion for Stay, the Court concludes that Abbasid's Motion for Stay had no effect on the acts of contempt that the Court concludes were committed.

**IT IS ORDERED THAT** Plaintiff Abbasid Inc.'s Objections to Judge's Order On Defendant's Motion For Order To Show Cause And Imposing Sanctions (Doc. No. 144) are sustained to the extent that the $2,000.00 fine imposed by the Magistrate Judge is vacated.

**IT IS FURTHER ORDERED THAT** Abbasid is held in civil contempt and that a compensatory fine will be imposed against Abbasid in an amount that will be determined after the Court receives a sworn affidavit of the losses sustained by Defendant Los Alamos National Bank as a result of Abbasid's contempt.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE