IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

    Plaintiff,

vs.                                                Case No. Civ. 09-354 JP/LFG

LOS ALAMOS NATIONAL BANK

    Defendant.

**MEMORANDUM OPINION AND ORDER**

        On July 14, 2011 Defendant Los Alamos National Bank (LANB) filed a Motion for Order to Show Cause Why Azhar Said Should Not be Held in Contempt and for Sanctions (Motion to Show Cause) (Doc. No. 155).  In its Motion to Show Cause, LANB contends that Azhar Said, the president and sole shareholder of Plaintiff Abbasid, Inc., has failed to pay LANB compensation for losses sustained as a result of Abbasid and Said's contempt as the Court ordered in its June 10, 2011 Memorandum Opinion and Order (Doc. No. 153).

        LANB contends that it served the Court's Memorandum Opinion and Order holding Said in contempt on Abbasid and Said on June 10 and June 13 respectively. LANB asserts that it "served the [Court's Memorandum Opinion and Order] on Arlyn Crow, Esq., an attorney who represents Mr. Said in New Mexico." On July 19, 2011, LANB filed a Certificate of Service of Motion For Order to Show Cause on Azhar Said (Certificate of Service) (Doc. No. 156).  In its Certificate of Service, LANB notes that it again served Arlyn Crow, Esq. and that "LANB believes that Mr. Crow represents Mr. Said" in a New Mexico state court proceeding.  LANB

does not assert that Arlyn Crow represents Said in this proceeding.

While Abbasid is a party to this litigation, Said individually is not a party. Thus, in order for the Court to compel Said to appear and show cause why he should not be held in contempt for violating the Court's June 10, 2011 Memorandum Opinion and Order, LANB must show that Said had notice of the Court's order setting out Said's obligation to pay LANB. Because LANB has only served an attorney who may represent Said in a different proceeding, the Court concludes that LANB has failed to show that it has effectuated personal service on Said. That Arlyn Crow represents Said in a state court proceeding does not indicate that Crow is permitted to accept personal service on behalf of Said for any and all proceedings in New Mexico. Similarly, the fact that LANB also served Abbasid's counsel does not prove that LANB served Said individually. Thus, the Court will deny LANB's Motion to Show Cause without prejudice. LANB will be permitted to re-file its Motion to Show Cause upon proof that LANB has personally served Said with a copy of the Court's Memorandum Opinion and Order.

IT IS ORDERED THAT Defendant Los Alamos National Bank's Motion for Order to Show Cause Why Azhar Said Should Not be Held in Contempt and for Sanctions (Doc. No. 155) is DENIED.

 _____
 SENIOR UNITED STATES DISTRICT COURT JUDGE