IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,**

    Plaintiff,

v.                                                Case No. CIV 09-354 JP/LFG

**LOS ALAMOS NATIONAL BANK,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 11, 2012, Defendant Los Alamos National Bank (LANB) moved the Court for an order requiring Azar Said, who is Plaintiff Abbasid Inc.'s sole shareholder and president, to show cause why Mr. Said should not be held in contempt and ordered to pay sanctions.[1] LANB argues that Mr. Said should be held in contempt and sanctioned for his failure to comply with the Court's June 10, 2011, MEMORANDUM OPINION AND ORDER, in which the Court ordered Mr. Said, individually, to pay LANB $2,298.74 by July 10, 2011, to compensate LANB for the losses it sustained as a result of Abbasid's and Mr. Said's civil contempt. *See* Doc. No. 153, at 8-9. The Court finds that LANB has failed to personally serve Mr. Said with the Court's June 10, 2011, Memorandum Opinion and Order. New Mexico law outlines three valid methods to personally serve an individual; LANB has not satisfied any of the methods. *See* Rule 1-004(F) NMRA. Accordingly, LANB's Motion will be denied.

---

[1] On May 11, 2012, LANB filed LOS ALAMOS NATIONAL BANK'S OPPOSED MOTION FOR ORDER TO SHOW CAUSE WHY AZAR SAID SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS (Doc. No. 163) (Motion). Abbasid Inc. has not filed a Response.

## BACKGROUND

On February 26, 2010, a jury returned a verdict in favor of Defendant LANB and against Plaintiff Abbasid. Doc. No. 68. On April 19, 2010, the Clerk of Court issued an Order Settling Costs and taxing them against Abbasid in the amount of $5,582.85. Doc. No. 80. Abbasid did not pay the judgment, and on May 11, 2010, LANB moved the Court to compel Abbasid's compliance with the Clerk's order and for sanctions. Doc. No. 84. On June 3, 2010, the Court ordered Abbasid to pay the awarded costs by June 15, 2010. Doc. No. 88.  On June 18, 2010, LANB filed a another motion, explaining that Abbasid still had not paid. Doc. No. 93. LANB asked the Court to order Mr. Said to appear and to show cause why he should not be held in contempt and to award LANB sanctions. *Id.*

On September 9, 2010, the Court denied LANB's motion (Doc. No. 93), relying on the general rule, as well as New Mexico law, that a district court cannot enforce a money judgement by exercising its contempt power. The Court explained that the proper way for LANB to enforce the judgment against Abbasid was through a writ of garnishment, in accordance with Rule 69(a) of the Federal Rules of Civil Procedure. Doc. No. 108.

On November 3, 2010, LANB moved the Court to compel Abbasid to produce discovery and to sanction Abbasid. Doc. No. 113. LANB explained that it was attempting to enforce the judgment against Abbasid through a writ of garnishment and was seeking the production of documents by Abbasid in order to discover assets that could be executed upon. Doc. No. 113; *see generally* Rule 69(a)(2) (allowing a judgment creditor to obtain discovery from the judgment debtor in aid of the judgment or execution); Rule 1-069(B) NMRA (same). LANB argued that Mr. Said had refused, in bad faith, to answer LANB's interrogatories. Doc. No. 133, at 5. On November 12, 2010, before the Court ruled on LANB's motion to compel and for sanctions, the

2

magistrate judge ordered Mr. Said to appear for a November 17, 2010, deposition. Doc. No. 116. Mr. Said did not appear. Doc. No. 120. On November 22, 2010, the magistrate judge granted LANB's motion to compel and for sanctions (Doc. 113) and directed that Abbasid pay LANB $500.00 as reasonable attorney fees. *Id.* The Court ordered Abbasid and Mr. Said to answer all interrogatories and to attend all scheduled depositions. *Id.*

On January 14, 2011, LANB filed a motion explaining that Abbasid had neither produced the documents nor paid the sanction, as required by the magistrate judge's order on November 22, 2010. Doc. No. 130, at 3. LANB moved the Court to order Mr. Said to appear before the Court and to show cause why he should not be held in contempt and ordered to pay sanctions. Doc. No. 130. On February 17, 2011, the magistrate judge entered an order, holding Abbasid and Mr. Said in civil contempt and imposing sanctions in the amount of $2500.00, which was comprised of the original $500.00 plus an additional $2000.00. Doc. No. 139. The magistrate judge explained that Abbasid and Mr. Said had violated the Court's orders to produce documents, appear for a deposition, and pay sanctions. Doc. No. 139, at 4.

On January 28, 2011, Abbasid moved the Court to stay enforcement of the judgment and to approve a supersedeas bond. Doc. No. 131. Abbasid explained that it had posted a supersedeas bond in the amount of $6,182.85, which was sufficient to cover $5,582.85 in awarded costs, the $500.00 compensatory sanction imposed by the magistrate judge, and up to $100.00 in interest on those amounts. *Id.* Abbasid asked the Court to stay execution of the judgment pending Abbasid's appeal to the Tenth Circuit Court of Appeals. *Id.* On February 24, 2011, the Court granted the stay and approved the supersedeas bond. Doc. No. 142.[2]

---

[2] On June 6, 2012, the Court ordered that the supersedeas bond be paid to LANB because the Tenth Circuit had affirmed the judgment in favor of LANB on appeal. *See* Doc. No. 164.

On April 19, 2011, the Court vacated the additional $2000.00 fine imposed by the magistrate judge on February 17, 2011, because the magistrate judge had improperly held Abbasid and Mr. Said in criminal contempt. Doc. No. 150, at 7. Rather than criminal contempt, the Court concluded that Abbasid and Mr. Said were in civil contempt for their failure to comply with the Court's orders, and the Court found that Abbasid and Mr. Said should be required to compensate LANB for the losses LANB sustained as a result of that contempt. *Id.* at 9. On April 23, 2011, LANB filed an affidavit asserting that LANB had incurred $3,489.04 in costs and attorneys' fees as a result of Abbasid's and Mr. Said's contempt. Doc. No. 151.

On June 10, 2011, the Court entered a Memorandum Opinion and Order, noting that an involuntary petition for bankruptcy was filed against Abbasid on April 14, 2011, and that the petition automatically stayed all proceedings in this case. Doc. No. 153. The Court concluded that, although it could not impose a valid fine against Abbasid during the stay, it could impose a fine against Mr. Said, Abbasid's sole shareholder and president, for Mr. Said's contemptuous behavior. Doc. No. 153, at 2. The Court concluded that LANB was entitled to a total compensatory award of $2,298.74 for the losses LANB sustained as a result of Abbasid's and Mr. Said's civil contempt and ordered Mr. Said, individually, to pay LANB $2,298.74 by July 10, 2011. Doc. No. 153, at 8-9.

On July 14, 2011, LANB again moved the Court to order Mr. Said to appear before the Court and to show cause why should not be held in contempt and sanctioned, this time because Mr. Said had failed to pay LANB $2,298.74 by the July 10, 2011, deadline. Doc. No. 155. On August 15, 2011, the Court denied LANB's motion without prejudice because LANB had failed to prove that it had served Mr. Said with a copy of the Court's Memorandum Opinion and Order, filed June 10, 2011. Doc. No. 157. The Court explained that LANB would be permitted to re-file

4

the motion if LANB could prove that it had served Mr. Said with a copy of the Memorandum Opinion and Order. *Id.* at 2.

## DISCUSSION

On May 11, 2012, LANB filed its present Motion, to which Abbasid and Mr. Said have not responded, once again asking the Court to order Mr. Said to appear before the Court and to show cause why he should not be held in contempt and sanctioned for his failure to pay LANB $2,298.74 by July 10, 2011, as ordered by this Court in its June 10, 2011, Memorandum Opinion and Order (Doc. No. 157).  Doc. No. 163.

To prevail in a civil contempt proceeding, the movant must prove, by clear and convincing evidence, (1) that a valid court order existed, (2) that the opposing party had knowledge of the order, and (3) that party disobeyed the order. *Reliance Ins. Co. v. Mast Constr.*, 159 F.3d 1311, 1315 (10th Cir. 1998). In this case, the Court's June 10, 2011, Memorandum Opinion and Order is a valid court order, and it appears that Mr. Said has not complied with the order. At issue is whether Mr. Said was personally served with and therefore has knowledge of the order.

**A.   LANB's Attempted Service on Mr. Said of the Court's June 10, 2011, Memorandum Opinion and Order**

In its Motion, LANB details its numerous attempts to serve Mr. Said with a copy of this Court's June 10, 2011, Memorandum Opinion and Order. As an exhibit to its Motion, LANB filed an AFFIDAVIT OF NON-SERVICE (Affidavit) from process server Thomas Russell, detailing Mr. Russell's attempts to serve Mr. Said in Miami, Florida, where Mr. Said has been known to work and reside. Doc. No. 163, at 8-9. In the Affidavit, Mr. Russell lists ten occasions between August 27, 2011, and September 26, 2011, on which Mr. Russell went to Mr. Said's

5

place of business, located at 10175 S. Dixie Highway, Miami, Florida 33156, in an attempt to serve the order on Mr. Said. *Id.* at 8. Although Mr. Russell never made contact with Mr. Said, Mr. Russell did speak with a secretary and a manager on different occasions. *Id.* Mr. Russell also made three attempts to serve Mr. Said at his home, located at 17842 SW 77 CT, Miami, Florida, but no one answered the door. *Id.*

Additionally, in its Motion LANB explains that it subsequently learned that Mr. Said also resides in McAllen, Texas. Doc. No. 163, at 2. On April 13, 2012, LANB filed an AFFIDAVIT OF SERVICE (Doc. No. 161) from process server Dave Eckstein, which shows Mr. Eckstein made three attempts to serve Mr. Said at his McAllen residence, located at 301 W. Houston Ave., McAllen, Texas 78501. No one responded at the McAllen residence, and on April 2, 2012, Mr. Eckstein posted service of this Court's June 10, 2011, Memorandum Opinion and Order "to a conspicuous place on the property." Doc. No. 161, at 1. Additionally, on April 3, 2012, LANB mailed the Memorandum Opinion and Order to Mr. Said's McAllen residence by first-class mail. *See* Doc. No. 162.

Finally, on June 21, 2012, LANB filed a certificate of service stating that on June 21, 2012, LANB sent a copy of the Memorandum Opinion and Order to Mr. Said's email address, azhar@azharsorientalrugs.com. Doc. No. 168.

**B.     New Mexico Law Governing Service of Process on an Individual**

LANB argues that, although Mr. Said has evaded service of the Court's June 10, 2011, Memorandum Opinion and Order since August 2011, LANB has met its burden of proving that Mr. Said had knowledge of the order because LANB satisfied the requirements of Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 1-004(F)(1) NMRA, which govern service of process on an individual. *See* Doc. No. 163, at 3. In LANB's view, it has done everything

possible to apprise Mr. Said of this Court's June 10, 2011, Memorandum Opinion and Order. *Id.*

Rule 4(e)(1) states that, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

In this case, LANB argues that it has followed the law of New Mexico, where the district court is located, for serving Mr. Said. New Mexico Rule 1-004(F) NMRA governs service of process on an individual and provides a hierarchy of three valid methods for service. The first method of service that should be used is delivery "to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service." Rule 1-004(F)(1)(a). In the alternative, personal service may be effectuated "by mail or commercial courier service as provided" in Rule 1-004(E)(3). Rule 1-004(F)(1)(b). Rule 1-004(E)(3) provides that "[s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named [individual] and further provided that" the individual or another qualified person "*signs a receipt for the envelope* or package containing the . . . process." (Emphasis added.)

LANB argues that it has effected service under Rule 1-004(F)(1) both by leaving a copy of the Court's June 10, 2011, Memorandum Opinion and Order at Mr. Said's McAllen residence and by mailing a copy to Mr. Said's McAllen residence. Doc. No. 163, at 3. The Court disagrees and finds that LANB did not satisfy Rule 1-004(F)(1)(a) because LANB never made contact with Mr. Said, Mr. Said did not personally accept service, and Mr. Said did not actually refuse to accept a copy of the order. Likewise, the Court finds that LANB has not satisfied Rule 1-

7

004(F)(1)(b), because although LANB mailed a copy of the Memorandum Opinion and Order to Mr. Said's McAllen residence by first-class mail, LANB has not shown that Mr. Said signed a receipt for the envelope as required by Rule 1-004(F)(1)(b) and Rule 1-004(E)(3).

Having failed to effectively serve Mr. Said under Rule 1-004(F)(1), LANB should have tried to serve Mr. Said using the method outlined in Rule 1-004(F)(2). If, after a process server has attempted "service of process by either of the methods of service" outlined in Rule 1-004(F)(1), the individual still "has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the [individual] who is over the age of fifteen (15) years and mailing by first class mail to the [individual] at the [individual's] last known mailing address a copy of the process." Rule 1-004(F)(2). In this case, the Court finds that LANB did not satisfy the requirements of Rule 1-004(F)(2) because, although LANB attempted to serve Mr. Said at both his Miami and McAllen residences and mailed a copy of the order to the McAllen residence, LANB did not deliver a copy of the order to any person at either residence.

Finally, because LANB was unable to serve Mr. Said in accordance with Rule 1-004(F)(1) or (2), LANB should have followed the method for service of process on an individual outlined in Rule 1-004(F)(3). Under Rule 1-004(F)(3), "service of process may be made by delivering a copy of the process at the actual place of business or employment of the [individual to be served] to the person apparently in charge thereof and by mailing a copy of the [process] by first class mail to the [individual] at the [individual's] last known mailing address and at the [individual's] actual place of business or employment."

The Court finds that LANB did not satisfy the requirements of Rule 1-004(F)(3). Although LANB made ten attempts to serve Mr. Said at his place of employment and mailed a

copy of the Memorandum Opinion and Order to Mr. Said's residence, LANB never left a copy of the Memorandum Opinion and Order with the manager at Mr. Said's place of business and never mailed a copy of the Memorandum Opinion and Order to Mr. Said's place of business.

## CONCLUSION

Although LANB has made numerous attempts to serve Mr. Said with the Court's June 10, 2011, Memorandum Opinion and Order, the Court finds that LANB failed to satisfy the requirements outlined in Rule 1-004(F) for service of process on an individual. Having failed to serve Mr. Said in accordance with Subsection (1) or (2) of Rule 1-004(F), LANB should have followed the procedure outlined in Rule 1-00F(3) by delivering a copy of the Court's order to the manager at Mr. Said's place of business and by mailing a copy of the order to both Mr. Said's residence and his place of business. The Court concludes that Mr. Said should not be held in civil contempt at this time because LANB has failed to bear its burden of proving by clear and convincing evidence that Mr. Said had knowledge of the Court's June 10, 2011, Memorandum Opinion and Order. *See Reliance Ins.*, 159 F.3d at 1315.

**IT IS ORDERED THAT** LOS ALAMOS NATIONAL BANK'S OPPOSED MOTION FOR ORDER TO SHOW CAUSE WHY AZAR SAID SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS (Doc. No. 163) is DENIED.

*/s/ James A. Parker*
UNITED STATES DISTRICT COURT JUDGE